**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------- X
NICOLE STEWART, ELIZABETH
AGRAMONTE and SUMMER APICELLA,
on behalf of themselves and all others similarly
situated,

                        Plaintiffs,

                -against-

HAIN CELESTIAL GROUP, INC.,

                        Defendant.
-------------------------------------------------------- X
SALLY BREDBERG and REBECCA
BROMBERG, individually and on behalf of
all others similarly situated,

                        Plaintiffs,

                -against-

THE HAIN CELESTIAL GROUP, INC.,

                        Defendant.
-------------------------------------------------------- X
ALYSSA MAYS, individually and on behalf
of all others similarly situated,

                        Plaintiffs,

                -against-

HAIN CELESTIAL GROUP, INC.,

                        Defendant.
-------------------------------------------------------- X

                                            <u>CASE NO.</u>
                                            2:21-cv-00678-JS-AYS

                                            2:21-cv-00758

                                            2:21-cv-00805

---------------------------------------------------------- X

MICHELLE WALLS, on behalf of herself
and all others similarly situated; and N.W.,
a minor child, by his parent and general
guardian Michelle Walls, on behalf of himself
and all others similarly situated,

                Plaintiffs,

        -against-                            1:21-cv-00870

BEECH-NUT NUTRITION COMPANY;
THE HAIN CELESTIAL GROUP, INC.;
NURTURE, INC. D/B/A HAPPY FAMILY
ORGANICS; GERBER PRODUCTS
COMPANY; and PLUM PBC.,

                Defendants.

---------------------------------------------------------- X

LEE BOYD, individually and on behalf of all
others similarly situated,

                Plaintiff,

        -against-                            2:21-cv-00884

HAIN CELESTIAL GROUP, INC.,

                Defendant.

---------------------------------------------------------- X

KELLY MCKEON, RENEE BRYAN, and
MARILYN CARSON, individually and on
behalf of all others similarly situated,

                Plaintiffs,

        -against-                            2:21-cv-00938

HAIN CELESTIAL GROUP, d/b/a Earth's
Best Organics,

                Defendant.

---------------------------------------------------------- X

```
------------------------------------------------------- X
```
LEIBA BAUMGARTEN, individually and on
behalf of all others similarly situated,

       Plaintiff,

    -against-           2:21-cv-00944

THE HAIN CELESTIAL GROUP, INC.,

       Defendant.
```
------------------------------------------------------- X
```
CHARLOTTE WILLOUGHBY,

       Plaintiff,

    -against-           2:21-cv-00970

HAIN CELESTIAL GROUP, d/b/a Earth's
Best Organics,

       Defendant.
```
------------------------------------------------------- X
```

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE *STEWART*
PLAINTIFFS' MOTION FOR CONSOLIDATION AND TO SET DEADLINES**

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ....................................................................................... ii

I.   INTRODUCTION .......................................................................................1

II.  ADDITIONAL CASES FILED IN THIS DISTRICT AND SUMMARY
     OF POSITIONS IN BRIEFS FILED IN RESPONSE TO
     THE *STEWART* PLAINTIFFS' MOTION TO CONSOLIDATE ....................................3

III. ARGUMENT ...........................................................................................5

     A.   All Responses to the *Stewart* Plaintiffs' Motion Either Agree that
          Consolidation of the Related Actions against Hain is Appropriate or Do
          Not Oppose Consolidation of the Cases against Hain, Except for *Wall* ................5

     B.   The *Stewart* Plaintiffs Agree with the Non-*Hain* Defendants that
          the Claims Against Them Filed in this Court Should Not Be Consolidated
          with the *Hain* Cases and Instead Should Be Severed and Transferred ..................8

     C.   The Related Actions Should Be Consolidated as against Hain Along
          with the Consumer Protection Claims against Hain in *Walls* and the *Walls*
          PI Claims Should Be Put on a Separate Track With Coordinated Discovery ........9

     D.   A Stay is Not Required or Warranted Based on the Pending MDL Motion .........15

IV.  CONCLUSION ……………………………………………………………… 17

# TABLE OF AUTHORITIES

**CASE**                                                                                    **PAGE(S)**

*Banacki v. OneWest Bank, FSB,*
    276 F.R.D. 567 (E.D. Mich. 2011) ...............................................................13, 14

*Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds*
    250 F.R.D. 171 (D.N.J. 2008) ...........................................................................14

*In re Consol. Parlodel Litig.,*
    182 F.R.D. 441 (D.N.J. 1988)...........................................................................14

*Pac. Recovery Sols. v. Cigna Behav. Health, Inc.,*
    No. 5:20-cv-02251-EJD,
    2021 U.S. Dist. LEXIS 28654 (N.D. Cal. Feb. 16, 2021) ................................12

*Parker v. Hyperdynamics Corp.,*
    126 F. Supp. 3d 830 (S.D. Tex. 2015) ......................................................13, 14

*Quinn v. JPMorgan Chase Bank, N.A.,*
    No. 20-cv-4100 (JSR),
    2020 U.S. Dist. LEXIS 111202 (S.D.N.Y. June 24, 2020)...............................16

**RULES & STATUTES**

Federal Rules of Civil Procedure
    Rule 23(g) ......................................................................................................3, 18
    Rule 42 ...............................................................................................................11
    Rule 42(a).....................................................................................................1, 8, 11
    Rule 42(a)(1)......................................................................................................11
    Rule 42(a)(3)...................................................................................................8, 11
    Rule 42(b) ....................................................................................................11, 14

RULES OF PROCEDURE OF THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
    MDL Rule 2.1(d) ..............................................................................................15

Plaintiffs Nicole Stewart, Elizabeth Agramonte and Summer Apicella (the *Stewart* Plaintiffs"), by and through their undersigned counsel, respectfully submit this reply memorandum of law in further support of their motion for consolidation ("Motion" or "Mot.") of the above-captioned actions against Hain Celestial Group, Inc. ("Defendant" or "Hain"), as well as all subsequently filed or transferred related actions, as described below, pursuant to Federal Rule of Civil Procedure 42(a) ("Rule 42(a)"), and to set deadlines regarding the filing of motions for interim class counsel and a consolidated amended complaint.

## I.   <u>INTRODUCTION</u>

When the *Stewart* Plaintiffs filed their Motion, there were a total of eight (8) class actions against Hain filed in this District arising from the same facts and circumstances.  Now there are sixteen (16) such class actions pending in this District.  A total of seven (7) briefs were filed in response to the pending Motion.  The *Stewart* Plaintiffs submit this omnibus reply to respond to all of them.

Of the seven responsive briefs, only a single plaintiff in one case out of the 16 total cases objects to the consolidation of the claims against Hain into a single action in this District.  *See Walls v. Beech-Nut Nutrition Co., et al.*, Case No. 1:21-cv-00870 ("*Walls*").  As discussed below, however, that sole objection does not prevent the Court from consolidating any and all consumer protection claims against Hain seeking economic damages, including those same consumer protection economic claims asserted in *Walls* and all the other cases included herein.  The personal injury and strict liability non-economic damage claims asserted in *Walls* can be bifurcated from the consumer protection claims alleged in that case, put on a separate track, and coordinated with the consumer protection claims for discovery and other purposes.  In fact, this comports with Hain's proposal:  Hain does not object to consolidation of the consumer protection cases but does

1

seek a carve-out to consolidation for any cases alleging personal injury or products liability claims for non-economic damages (collectively, the "PI Claims"), including *Walls*.  The *Stewart* Plaintiffs agree with such a carve-out and submit that Hain's and the *Walls* plaintiff's arguments can be addressed as to PI Claims by the creation of a separate track solely for such claims and coordinating discovery with the consumer protection claims.[1]

As to the remaining responses to the Motion, the other two plaintiff groups fully support consolidation.  Finally, to the extent the non-Hain defendants have expressed their objection to being included in a Hain consolidation, the *Stewart* Plaintiffs agree.  The *Stewart* Plaintiffs also agree with those defendants to the extent they have expressed an intention to move to sever and transfer, appropriately leaving Hain as the only defendant in each case filed in this District.

Notably, **all** the Related Actions, including the consumer protection type claims in *Walls*, allege that certain of Hain's baby food products are and were tainted with toxic heavy metals, including arsenic, lead, cadmium, and mercury (the "Heavy Metals"), and that Hain misrepresented or omitted this fact from consumers.  All seek, *inter alia*, injunctive relief barring Hain from continuing to misrepresent the truth about its products as well as monetary damages compensating for the purchase of the products.  All will involve the same or similar discovery against Hain, and, in particular with respect to discovery relating to class certification, the PI Claims will also involve the same or similar discovery.  All of the consumer protection type claims will involve the same experts and there is likely to be overlap in that regard with the PI Claims on at least some issues as well.  As such, consolidation of all the Related Actions, and coordinated

---

[1] The *Stewart* Plaintiffs submit concurrently herewith a revised Proposed Order which is updated to reflect the many additional cases filed against Hain in this District since the filing of their Motion and fully addresses the issues raised by the PI claims asserted by *Wall*s  and discussed in responses to the Motion.

discovery at least through class certification of the PI Claims, is the most efficient manner and will not prejudice any party.

In addition, after the *Stewart* Plaintiffs filed the instant Motion, the plaintiffs in one of the other actions at issue filed a petition for centralization (an "MDL") with the Judicial Panel on Multidistrict Litigation (the "Panel"). While Plaintiff Walls suggests that the Court should simply refrain from taking any action in this matter for several months until the Panel issues a ruling in June 2021 on centralization, the MDL rules specifically provide that there is no stay when a motion is filed, no formal motion for a stay has been filed, and recent case law within this circuit demonstrates that a stay is not warranted. As such, the *Stewart* Plaintiffs respectfully request that their motion for consolidation be granted as discussed herein. Should the Court grant the Motion, the *Stewart* Plaintiffs further request that the Court set the deadline for the filing of motions seeking interim lead counsel appointment pursuant to Fed. R. Civ. P. 23(g) for ten (10) business days following the entry of the consolidation order, as well as a deadline for the filing of a consolidated amended complaint (and a separate complaint for the PI Claims) for 45 days following the entry of an order under Rule 23(g).

## II.    ADDITIONAL CASES FILED IN THIS DISTRICT AND SUMMARY OF POSITIONS IN BRIEFS FILED IN RESPONSE TO THE *STEWART* PLAINTIFFS' MOTION TO CONSOLIDATE

To date, there are sixteen (16) class actions pending against Hain in this District relating to the allegations of the inclusion of Heavy Metals in its baby foods (the "Related Actions").[2] There

---

[2] *See* (in order of filing in this District): (1) *Stewart v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-00678 (E.D.N.Y.); (2) *Bredberg v. The Hain Celestial Group, Inc.*, Case No. 2:21-cv-00758 (E.D.N.Y.); (3) *Mays v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-00805 (E.D.N.Y.); (4) *Walls et al v. Beech-Nut Nutrition Corp. et al.*, Case No. 1:21-cv-00870 (E.D.N.Y.); (5) *Boyd v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-00884 (E.D.N.Y.); (6) *McKeon v. Hain Celestial Group, d/b/a Earth's Best Organics*, Case No. 2:21-cv-00938 (E.D.N.Y.); (7) *Baumgarten v. The Hain Celestial Group, Inc. et al*, Case No. 2:21-cv-00944 (E.D.N.Y.); (8) *Willoughby v. Hain Celestial*

are only three such class actions against Hain pending outside of this District.[3]

Of the fifteen (15) cases aside from the *Stewart* action, plaintiffs in fourteen (14) of the Related Actions have not opposed consolidation. Of those, plaintiffs in two (2) of the Related Actions have expressly consented to and support the *Stewart* Plaintiffs' Motion for Consolidation[4] and plaintiffs in the twelve (12) other Related Actions have submitted no papers in opposition. Only the single plaintiff in *Walls* has submitted an objection to consolidation. *See Walls* Plaintiff's Response in Opposition to *Stewart* Plaintiffs' Motion to Consolidate ("*Walls* Opp.") (ECF No. 36). *Walls* is a multi-defendant complaint that alleges class action claims on behalf of two types of classes: persons who bought the products and persons who consumed the products. It alleges essentially the same underlying facts against Hain as all the other Related Actions based upon the House Subcommittee Report described in the *Stewart* Plaintiffs' Motion (at pages 3-7). The only difference between *Walls* and the other Related Actions is that *Walls* includes certain PI Claims.

Notably, Hain does not oppose the *Stewart* Plaintiffs' request to consolidate the Related Actions into a single proceeding before this Court. *See* The Hain Celestial Group, Inc.'s Response

---

*Group, d/b/a Earth's Best Organics*, Case No. 2:21-cv-00970 (E.D.N.Y.); (9) *Zorrilla v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-1062 (E.D.N.Y.); (10) *Lopez-Sanchez v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-1045 (E.D.N.Y.); (11) *Galloway v. Hain Celestial Group, Inc.*, Case No. 1:21-cv-1067 (E.D.N.Y.); (12) *Baccari v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-1076 (E.D.N.Y.); (13) *Albano v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-1118 (E.D.N.Y.); (14) *Hanson v. Hain Celestial Group, Inc.*, Case No. 1:21-cv-1269 (E.D.N.Y.); (15) *Lawrence v. Hain Celestial Group, Inc.*, Case No. 1:21-cv-1287 (E.D.N.Y.); and (16) *Henry v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-1293 (E.D.N.Y.). The *Walls*, *Albano* and *Lawrence* actions are the only cases above that include multiple defendants.

[3] *See Garces v. Gerber Products Co. et al*, Case No. 1:21-cv-00719 (N.D. Ill.), *Wallace et al v. Gerber Products Co. et al*, Case No. 2:21-cv-02531 (D.N.J.), and *Johnson v. Beech-Nut Nutrition Company et al*, Case No. 2:21-cv-02096 (D. Kan.).

[4] *See McKeon v. Hain Celestial Group, d/b/a Earth's Best Organics*, Case No. 2:21-cv-00938 (E.D.N.Y.) and *Willoughby v. Hain Celestial Group, d/b/a Earth's Best Organics*, Case No. 2:21-cv-00970 (E.D.N.Y.).

to Plaintiffs' Motion to Consolidate Cases ("Hain Mem.") (ECF No. 28).  Rather, Hain objects to

consolidation only to the extent that it encompasses lawsuits asserting PI Claims, including but not

limited to *Walls*.  Of the other baby food manufacturers named as defendants in *Walls*, Nurture

Inc. ("Nurture"), Gerber Products Company ("Gerber"), and Plum, PBC ("Plum") take no position

on the Hain consolidation; however, they object to being included in such consolidation.  Nurture

and Gerber contend *Walls* (as well as *Albano* and *Lawrence*) improperly joined them in the action

against Hain and that they will be moving to sever and transfer such claims out of the *Hain* case.

The *Stewart* Plaintiffs agree that the non-Hain defendants have been improperly joined in the *Hain*

action and that they should not be part of the *Hain* consolidation.[5]  Beech-Nut Nutrition Co.

("Beech-Nut"), also named as a defendant in *Walls*, has not submitted papers in response to this

Motion.

## III.     ARGUMENT

### A.     All Responses to the *Stewart* Plaintiffs' Motion Either Agree that Consolidation of the Related Actions against Hain is Appropriate or Do Not Oppose Consolidation of the Cases against Hain, Except for *Walls*

As noted above, there were seven (7) briefs filed in response to the *Stewart* Plaintiffs'

Motion for Consolidation.  They fall into the following categories:

● one was filed by Hain (which does not oppose consolidation generally of the

Related Actions against Hain but only disagrees with consolidating any cases,

including *Walls*, that allege PI Claims);

---

[5] Plum notes that *Walls* is currently pending before Judge Gujarati in Brooklyn in the E.D.N.Y. However, this Motion seeks consolidation of all cases pending in this District.  Brooklyn, like Central Islip, is in this District.  While Plum does not expressly state it will be moving to sever, as do Gerber and Nurture, it suggests there could be such a severance.  *See* ECF No. 25 (Objection of Non-Party Plum, PBC to the Motion to Consolidate *Walls v. Beechnut Nutrition Co., et al.* with Cases Currently Pending against Defendant, Hain Celestial Group, Inc.), at 2 n.1.

● three were filed by other named defendants besides Hain (Gerber, Nurture and Plum, which do not take a position on a Hain consolidation but argue against being consolidated therewith); and

● three were filed by other plaintiffs (the *Willoughby* and *McKeon* plaintiffs, who agree with fully consolidating all cases, and *Walls*, who opposes any and all consolidation).

Notably, of all the responses submitted, only the *Walls* plaintiff objects to any consolidation. Moreover, none of the other plaintiffs in the remaining twelve (12) cases currently pending in this District filed a response, thereby indicating they do not oppose such consolidation. As discussed more fully below in Section II, the *Stewart* Plaintiffs agree with defendants Gerber, Nurture and Plum that claims against them should not be consolidated with claims against Hain. Therefore, given that there is only one single plaintiff opposing consolidation in its entirety, which opposition is unwarranted as discussed more fully below in Section III, consolidation should be granted as to the Related Actions other than the *Walls* PI Claims, as it would support efficiency and judicial economy, and there is no prejudice to any party to do so.

Courts in other jurisdictions have already begun consolidating the Heavy Metal baby food cases against other defendants and proceeding with the consolidated litigations. Judge O'Grady recently consolidated cases pending against defendant Gerber in the Eastern District of Virginia that similarly allege that Gerber baby foods contain Heavy Metals. *See* Declaration of Janine L. Pollack in Further Support of the *Stewart* Plaintiffs' Motion for Consolidation and to Set Deadlines ("Pollack Declaration"), Exhibit 1 (*Keeter v. Gerber Products Co.*, 1:21-cv-00269-LO-TCB, Consolidation Order (E.D. Va. Mar. 15, 2021)). As here, the plaintiffs in those pending cases argued that the cases involved common question of law and fact against defendant Gerber and

should be consolidated for efficiency and judicial economy.  The Court granted consolidation and further ordered that the plaintiffs file a consolidated complaint within 45 days.  *See id.*

Similarly, the plaintiffs in all pending cases against defendant Beech-Nut in the Northern District of New York recently submitted a stipulation agreeing to consolidation and Beech-Nut advised that it did not oppose such consolidation.  The court entered and ordered the stipulation consolidating all the related actions in that District as well as any future such actions and ordered that Beech-Nut shall respond to any consolidated complaint no later than 60 days following service of same or by May 15, 2021, whichever is later.  *See, e.g.,* Pollack Declaration, Exhibit 2 (*Thomas et al. v. Beech-Nut Nutrition Co.*, 1:21-cv-0133-TJM-CFH (Mar. 19, 2021 N.D.N.Y.), ECF No. 55).  As here, all such cases similarly allege that Beech-Nut baby foods contain Heavy Metals, and the plaintiffs argued that the cases involved common question of law and fact against defendant Beech-Nut and should be consolidated for efficiency and judicial economy.[6]

Here, there is overwhelming agreement that consolidation of the cases against Hain is proper.  Leaving aside the issue of the PI Claims in *Walls*, Hain does not oppose consolidation of all the other Related Actions including in the Motion.  Two other plaintiff groups have filed responses agreeing that consolidation is appropriate as well.  And none of the other plaintiff groups have opposed consolidation of the Hain cases.  The non-Hain defendants have taken no position as to a Hain consolidation and argue only that they should not be a part of any such consolidation,

---

[6] Judge Gonzalez Rogers also recently granted a motion to consolidate the two pending cases in the Northern District of California against defendant Plum based on the similar allegations as those in *Hain* regarding Heavy Metals in Plum baby foods.  *See* Pollack Declaration, Exhibit 3 (*Gulkarov v. Plum PBC*, No. 21-cv-00913-YGR, Order Consolidating Cases (N.D. Cal. Mar. 9, 2021), ECF No. 14).  Moreover, the court later ordered relation of an individual action alleging personal injury type claims against Plum, as opposed to consolidation, with the consolidated class actions.  *See* Pollack Declaration, Exhibit 4 (*Gulkarov v. Plum PBC*, No. 21-cv-00913-YGR, Order Relating Cases (N.D. Cal. Mar. 18, 2021), ECF No. 22).

a position with which the *Stewart* Plaintiffs agree.  Given this widespread agreement or non-opposition, consolidation should be granted as requested herein, as other courts have done in other non-Hain Heavy Metal baby food cases discussed above.

B.    **The *Stewart* Plaintiffs Agree with the Non-*Hain* Defendants that the Claims Against Them Filed in this Court Should Not Be Consolidated with the *Hain* Cases and Instead Should Be Severed and Transferred**

Defendants Gerber[7], Nurture and Plum argue that the claims against these defendants should not be consolidated into the Hain cases in this District.  The *Stewart* Plaintiffs agree, and they specifically stated in their Motion that the *Walls* action, which at the time was the only multi-defendant case on file, should only "be consolidated at this time to the extent it names Hain as a defendant therein."  *See* Mot. at 2 n.5.  The *Stewart* Plaintiffs further explained that they anticipated that the non-Hain defendants would appear in the *Walls* case and move to sever the improperly joined claims against them, and that the Court's rulings thereon would resolve the multi-defendant issues, leaving Hain as the only defendant in that case.  *See id.* (citing Rule 42(a)(3), which states, "If actions before the court involve a common question of law or fact, the court may: … (3) issue any other orders to avoid unnecessary cost or delay.").  Rule 42(a) provides the Court sufficient flexibility in this circumstance to consolidate cases that improperly initially named non-Hain defendants only to the extent that they name Hain as a defendant while the Court hears and then rules on motions to sever by the non-Hain defendants.

The *Stewart* Plaintiffs agree that to the extent any of the three multi-defendant cases in this District assert claims against non-Hain defendants as well as Hain, they are improperly joined and should be severed and transferred as appropriate, leaving only Hain as a defendant in the Related

---

[7] Defendant Gerber has moved to intervene in this action for the limited purpose of responding to this Motion and the *Stewart* Plaintiffs do not oppose that motion to intervene.

Actions. There is no reason not to consolidate these cases with that qualification, along with all the other Related Actions filed only against Hain (other than the PI Claims), so that the cases can proceed expeditiously and efficiently at this time.

**C. The Related Actions Should Be Consolidated as against Hain Along with the Consumer Protection Claims against Hain in *Walls* and the *Walls* PI Claims Should Be Put on a Separate Track With Coordinated Discovery**

While Hain does not object to the consolidation sought by the *Stewart* Plaintiffs generally, it argues against consolidation of any case "asserting product liability or personal injury claims, including but not limited to *Walls*." Hain Mem. at 2. As a threshold matter, only the *Walls* action currently alleges any such claims although most of the *Walls* claims are consumer protection type class claims that are the same as all the other Related Actions, and there is only one plaintiff in that case. Hain argues that the *Walls* plaintiff asserts claims for negligence, gross negligence, and strict products liability, with such claims "hing[ing] on highly individualized questions of causation and injury and accordingly implicate far different factual and legal issues than the consumer fraud lawsuits pending in this District." *Id.* The *Walls* plaintiff makes somewhat different arguments against consolidation, stating that it is improper because she seeks to represent classes of persons who actually consumed the products, in addition to those who only purchased the products, and because she includes claims against the non-Hain defendants. *See Walls* Opp. at 7. Thus, she argues, consolidation is improper because the "magnitude and complexity of the *Walls* case" make it "substantially different than the more limited *Stewart* Complaint." *Id.* at 8. As demonstrated below, all such arguments can be resolved by the bifurcation of the consumer protection and PI Claims in *Walls*, the inclusion of the *Walls* consumer protection claims in the Related Actions, the creation of a separate track for solely PI Claims (in *Walls* and any subsequent claims), and the coordination of such PI Claims for purposes of discovery with the Related Actions.

First, as the non-Hain defendants have pointed out, the *Walls* plaintiff has improperly joined them as defendants in this District and there will likely be severance and transfer.  The *Walls* plaintiff should not be permitted to utilize her improper joinder as the foundation to argue against consolidation to prevent plaintiffs in 15 other Related Actions from proceeding in a consolidated and organized manner.  Second, while the *Walls* plaintiff attempts to argue that her claims are different than the *Stewart* Plaintiffs' claims (Walls seemingly ignores all the other complaints against Hain nearly identical to the *Stewart* Plaintiffs' complaint for which consolidation is sought here), it simply is not true.  A review of the allegations demonstrates that both complaints are nearly identical, alleging that Hain acted improperly, including failing to disclose and making misrepresentations, regarding Heavy Metals in its products.  The *Walls* plaintiff's own description of her case makes this clear.  *See, e.g., Walls* Opp. at 2-3 (showing that the *Walls* factual allegations against Hain are essentially identical to the *Stewart* Plaintiffs' allegations – as well to all the other Related Actions at issue on this consolidation motion).  For example, Walls describes her complaint as based upon the House Subcommittee Report "as well as independent research into representations made by [Hain] in [its] product labeling, advertising, communications, and websites."  *Id.* at 2.  The *Stewart* Complaint is therefore based upon the same facts and circumstances as are all the other complaints in the Related Actions against Hain that are the subject of this Motion.

The only difference between the *Walls* class complaint and the *Stewart* and the other Related Action class complaints is that *Walls* includes certain PI Claims, although they are all asserted on behalf of a class.[8]  However, as described above, creating a separate track for these PI

---

[8] While the *Walls* plaintiff states that she asks for medical monitoring relief whereas the other purchaser plaintiffs in the Related Actions do not, she only requests that on behalf of the class who

Claims and coordinating discovery for such claims with the Related Actions would constitute a practical resolution of any concerns by Walls and Hain that such claims are different than the consumer deception claims, which should all be consolidated, including those alleged in *Walls*.[9]

Indeed, the Court can utilize Rule 42(a)(1) (to "join for hearing or trial any or all matters at issue in the actions") and Rule 42(a)(3) (to "issue any other orders to avoid unnecessary cost or delay") to the extent necessary to issue whatever rulings will achieve the most efficient process for the Court and the parties should there be differences in the classes or claims. But because all are based on the same facts and circumstances, the discovery from Hain for all claims is essentially the same, and thus discovery for the PI Claims in *Walls* can easily be coordinated with the Related Actions, at least until class certification is decided. If class certification is denied for the PI Claims in *Walls*, the Court can simply proceed with a separate trial for that single plaintiff. *See* Rule 42(b). The Court has discretion to deal with any separate issues under Rule 42, as noted above, for example if additional discovery is warranted for those claims. The benefits of organizing the cases in this way would far outweigh any minor discovery issues related to these types of claims. And there would be no prejudice to the *Walls* plaintiff or Defendant given the Court's inherent ability to make appropriate separate rulings under Rule 42(a).[10] In fact, the *Walls* plaintiff agrees that the

---

purchased the products (not those who consumed it, who would be the persons potentially in need of medical monitoring). *See Walls* complaint, ¶¶ 160, 177, 188, 201, 216.

[9] Plaintiff Walls admits that both her complaint and the *Stewart* Plaintiffs' complaint assert consumer protection class claims under New York law as well as unjust enrichment. These types of claims should be included in the consolidation of the Related Actions.

[10] Walls seems to suggest that the pendency of three class cases outside this District against Hain militates against consolidation of the cases against Hain within this District because "these non-EDNY cases would create potentially numerous divergent outcomes for class members as well as divergent obligations for Hain." *Walls* Opp. at 9. This argument is internally inconsistent as Walls' desire to avoid "divergent outcomes" instead would be furthered by the consolidation of the cases against Hain filed in this District. Moreover, the likely outcome will be that Hain will move to transfer those few cases in other Districts into this one, which cases would be automatically included into the consolidated cases here if the Court grants the Motion. This is the

consolidation the *Stewart* Plaintiffs seek would "benefit plaintiffs that had purchased Hain products and had filed in the Eastern District of New York, by consolidating their claims into a single proceeding; and Hain, in defending against those claims before a single judge within this district, would receive the same benefit." *Walls* Opp. at 8 n.2.

The cases cited by *Walls* do not support denial of consolidation of her non-PI Claims with the other pending Related Actions against Hain in this District.  For example, in *Pac. Recovery Sols. v. Cigna Behav. Health, Inc.*, No. 5:20-cv-02251-EJD, 2021 U.S. Dist. LEXIS 28654 (N.D. Cal. Feb. 16, 2021), the court denied the defendant's motion for consolidation because one case was an individual action and one was a class action, the two cases involved different provider plaintiffs and different patients as well as a different defendant.  *See id.* at *12.  Moreover, the two cases involved different treatments and the differences in parties and services would impact the nature and scope of discovery which would lead to inconvenience and delay for the smaller individual case and would not promote efficiencies.  *See id.* at *12-13.  The cases also involved different time frames.  *See id.* at *13.  In addition, the court noted that because the class action had much more expansive claims, such as RICO, the Sherman Act, and civil conspiracy, there was not a substantial overlap of the underlying facts and such claims could increase the scope of discovery and motion practice far beyond what was needed in the individual action, thereby causing prejudice to that case.  *See id.* at *13-14.  Finally, the procedural postures of the cases were different because the parties in the individual action were involved in an earlier filed suit, engaged in settlement discussions, discovery and mediation and the complaint had been subject to two motions to dismiss, so the individual action had progressed further than the class action.  *See id.* at *14-15.

---

most efficient outcome and completely avoids the "divergent outcomes" Walls purportedly seeks to avoid.

These facts are vastly different from those here, where all of the cases are class actions, all will ultimately have a single defendant, the discovery of Hain will be the same in all cases, the cases all involve the same time frame, and all are in the same procedural posture. Thus, this case does not support wholesale denial of consolidation here but does support creating a separate track for the PI Claims with coordinated discovery.

Similarly, in *Banacki v. OneWest Bank, FSB*, 276 F.R.D. 567 (E.D. Mich. 2011), the court held that individual issues predominated over the common ones, requiring denial of consolidation. *See id.* at 571-73. For example, the claims asserted by each of the classes in the various cases varied dramatically and the only common issue was the involvement of one defendant but the court held that there would be unfair prejudice to the numerous other defendants because the claims in each case were so different. *See id.* at 572. Indeed, while a few of the defendants did overlap, they were not the same in all of the 11 cases sought to be consolidated. *See id.* at 571. That is not the situation here, where Hain will ultimately be the only defendant, and the claims in all of the cases at issue are substantially similar, including most of the claims in *Walls* other than the few PI Claims (which arise from the same facts and circumstances as all the other claims). Once a separate track is created for the PI Claims, any individual issues relating to such claims do not predominate over the common ones in the Related Actions and they can be dealt with through the proper procedural mechanisms but this does not warrant wholesale denial of consolidation in all of the Related Actions.

In *Parker v. Hyperdynamics Corp.*, 126 F. Supp. 3d 830 (S.D. Tex. 2015), also cited by Walls, the court denied consolidation because the movant was attempting to consolidate cases raising Federal Corrupt Practices Act claims with cases asserting ordinary securities fraud claims, which was a "different type of wrongdoing under a separate statutory framework with different

13

legal and ethical considerations for the factfinder." *Id.* at 837.  Here, again, a separate track for the *Walls* PI Claims with coordinated discovery cures any such concerns.  Finally, in *Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171 (D.N.J. 2008), cited by Walls, the court actually granted consolidation, although the factual circumstances were entirely inapposite to those here, having to do with the enforcement of an arbitration award.  *See id.* at 176.

In addition to *Banacki*, *supra*, Hain relies on *In re Consol. Parlodel Litig.*, 182 F.R.D. 441 (D.N.J. 1988), to argue against consolidation of *Walls*.  But *Parlodel* actually supports the *Stewart* Plaintiffs' proposal of consolidation of the Related Actions with a separate track for the *Walls* PI Claims and coordinated discovery, at least for pre-trial discovery purposes.  *Parlodel* was a non-class case involving 16 women and their husbands in 14 separate cases across the country against Novartis Pharmaceuticals Corporation alleging all different types of injuries from the drug Parlodel and the causes of action and factual premises for the claims varied between the actions. *See id.* at 443.  The Magistrate Judge had previously consolidated the cases for discovery purposes and the plaintiffs moved to consolidate the cases for trial.  *See id.*  As such, this case fully supports consolidation of the Related Actions with a separate track for the *Walls* PI Claims for purposes of pre-trial discovery at this time.

While the court in *Parlodel* held that consolidation of all the individual actions for trial was not proper because the facts for each plaintiff would overshadow the common questions due to the evidence of different injuries that would be presented to the jury in each case, the *Stewart* Plaintiffs' proposal for a separate track for the PI Claims recognizes that separate trials would likely be necessary for those claims.  Notably, if the Court does not certify the *Walls* PI Claims, then there would only be a need for a separate trial for plaintiff Walls alone.  If the Court grants class certification for those PI Claims, then they can proceed in a separate trial.  *See* Rule 42(b).

Until at least the time when the Court rules on class certification, however, discovery against Hain will likely involve much of the same documents and witnesses in the Related Actions as for the PI Claims and thus could easily be coordinated and neither Walls nor Hain has identified any discovery from Hain that would be different.

**D.      A Stay is Not Required or Warranted Based on the Pending MDL Motion**

The Panel's rules provide that cases that are included in an MDL motion are not automatically stayed.  *See* MDL Rule 2.1(d) ("The pendency of a motion … before the Panel … does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court.").  Here, no party has moved for a stay based on the MDL proceedings, including Hain and the *Walls* plaintiff.  Yet the *Walls* plaintiff appears to suggest that despite the clear rule that there is no automatic stay, and despite Walls not having moved for a stay, the cases pending before this Court have been "usurped" by the MDL and thus this Court should simply sit and do nothing to move these cases forward while the MDL is pending.  *See Walls* Opp. at 1.  Walls argues that the briefing will be completed by April 6, 2021, and as such this Court should simply "wait for a decision from the Panel."  *Id.*  However, the next MDL hearing is not until the last days of May, with any ruling unlikely to be issued until mid-June (or even later), months away.  Walls provides no basis for this delay.  Her only attempted justification is that if the MDL is granted, this Court will have "wasted" some resources.  *See id.* at 6.  But that is always a possibility when an MDL petition is pending, yet the rules expressly provide that there is no stay.  As such, there is no valid justification for a stay (and no other party is requesting one).

Moreover, the Panel states on its ECF entry to all affected cases that "[i]n their briefs, the parties should address what steps they have taken to pursue alternatives to centralization

(including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.)." *In re: Baby Food Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2997, ECF No. 3 (Mar. 9, 2021 JPML). This instruction from the Panel itself directly contradicts Walls' argument that all activity should cease until the Panel issues its ruling. Instead, it fully supports the *Stewart* Plaintiffs' activities here to consolidate the cases, and also signals that Hain should seek Section 1404 transfer at this time of the three cases pending outside this District. The Panel's instructions further support the stated intentions of the non-Hain defendants that they will be moving to sever the claims against them that were improperly included in the *Walls* complaint (as well as *Albano* and *Lawrence*) and transfer those claims out of this District.

A recent ruling by Judge Rakoff in the Southern District of New York illustrates why the *Walls* plaintiff's request to this Court to do nothing on these pending cases for at least three months should be rejected. *See Quinn v. JPMorgan Chase Bank, N.A.*, No. 20-cv-4100 (JSR), 2020 U.S. Dist. LEXIS 111202 (S.D.N.Y. June 24, 2020). In *Quinn*, the defendant bank sought a stay in the four cases before Judge Rakoff pending a ruling by the Panel on centralization. As here, the MDL briefing had begun but there was no date set for the hearing. *See id.* at *4. There were 31 other similar cases pending against at least 120 defendants. *See id.* Judge Rakoff denied the stay for numerous reasons, including that it would not make sense to put the cases on hold for "weeks or months" given that the earliest date for the Panel's hearing was over a month away at that time. *See id.* at *5. Moreover, Judge Rakoff noted that "the JPML may well deny the petition. Over the last five years, the JPML has denied petitions for centralization in 60 percent of the cases. Further still, of the 40 percent of petitions that were granted, many were unopposed, whereas here there is substantial opposition to centralization. Accordingly, as a mere matter of probabilities, the petition

has a meaningful possibility of being denied, in which case significant time would have been totally wasted if a stay had been granted." *Id.* at *5-6 (footnote omitted). Judge Rakoff further explained that even if the petition were granted, it would still "be helpful for the four cases before this Court to move forward in the meantime" because, in his experience in presiding over MDL cases, the MDL transferee judge ultimately does benefit from the individual cases moving forward while awaiting the Panel's ruling. *Id.* at *6. "This is because the preliminary disputes arising in these earlier proceedings enable the MDL judge to quickly learn what kinds of discovery and other pre-trial issues are likely to arise in the now-centralized cases, and, more generally, to get a feel for what these cases are really about." *Id.* Finally, Judge Rakoff stated that "no party materially suffers from the fact that some initial motion practice or discovery has transpired before the MDL takes effect. On the contrary, it helps to move the cases forward," is "quite helpful to the MDL judge," and "ultimately saves the parties time and expense as well." *Id.* at *6-7.

Judge Rakoff's ruling applies with equal force here. The earliest Panel hearing date is the end of May with a ruling likely in mid-June, at least three months from now. There is likely to be fervent opposition to an industry-wide MDL and it has a substantial chance of being denied, particularly given that consolidations are already happening in other Districts in the other baby food cases, as described above. And ironically, the proponents who filed the MDL have suggested this very Court as the transferee court. As such, consolidation of the cases at this time as requested would not waste any judicial resources. Accordingly, the *Walls* plaintiff's "suggestion" of a stay should be denied.

## IV.   **CONCLUSION**

For the reasons stated above, the *Stewart* Plaintiffs respectfully request that the Court (1) grant consolidation at this time of all the Related Actions, including *Walls* to the extent it alleges

17

consumer protection type claims; (2) order that a separate track be created for the PI Claims in *Walls* (and any other PI Claims subsequently filed) and that there be coordinated discovery between the Related Actions and the PI Claims for pre-trial purposes; (3) set the deadline for the filing of motions seeking interim lead counsel appointment pursuant to Fed. R. Civ. P. 23(g) of ten (10) business days following the entry of the consolidation order; and (4) set a deadline for the filing of a consolidated amended complaint for the Related Actions (and an amended complaint for the PI Claims) of forty-five (45) days following the entry of an order under Rule 23(g).

Dated:  March 22, 2021

Respectfully submitted,

*/s/ Janine L. Pollack*
Janine L. Pollack, Esq.
Michael Liskow, Esq.
**CALCATERRA POLLACK LLP**
1140 Avenue of the Americas
9th Floor
New York, New York 10036
Phone: (917) 899-1765
Fax: (332) 206-2073
Email:  jpollack@calcaterrapollack.com
mliskow@calcaterrapollack.com

**GEORGE GESTEN MCDONALD, PLLC**
Lori G. Feldman
102 Half Moon Bay Drive
Croton-on-Hudson, New York 10520
Phone: (561) 232-6002
Fax: (888) 421-4173
LFeldman@4-Justice.com

**GEORGE GESTEN MCDONALD, PLLC**
David J. George, Esq. (pro hac vice forthcoming)
9897 Lake Worth Road, Suite 302
Lake Worth, FL 33463
Phone: (561) 232-6002
Fax: (888) 421-4173
DGeorge@4-Justice.com

*Attorneys for Plaintiffs Nicole Stewart, Elizabeth Agramonte and Summer Apicella and the Proposed Class in the Stewart Action*

19

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 22, 2021, the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Janine L. Pollack*
Janine L. Pollack